

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-18-00424-CR

JESUS BOCANEGRA, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 137th District Court
Lubbock County, Texas
Trial Court No. 2018-415,881, Honorable John J. "Trey" McClendon III, Presiding

September 6, 2019

## MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and PARKER, JJ.

Appellant appeals his convictions for aggravated assault, domestic violence, with deadly weapon (Count 1) and assault, domestic violence, with strangulation (Count 2). Through a single issue, he contends that "[t]he evidence, taken as a whole, was insufficient to show ... [he] assaulted [L.A.] intentionally, knowingly, or recklessly." We affirm.

Appellant was charged as follows:

> [Appellant] did then and there intentionally, knowingly. or recklessly cause serious bodily injury to [L.A.] by cutting or striking, and [appellant] did then and there use or exhibit a deadly weapon, to-wit: a boxcutter or a sharp object, during the commission of said assault, and [L.A.] was a member of [appellant's] household and a person with whom [appellant]

has or has had a dating relationship, as described by Section 71.005 and 71.0021. Family Code:

\* \* \* \* \*

And further, in Lubbock County, Texas [appellant] . . . did then and there intentionally, knowingly, or recklessly cause bodily injury to [L.A.] a member of [appellant's] household and a person with whom [appellant] has or has had a dating relationship. as described by Section 71.005 and 71.0021(b) of the Family Code by grabbing or striking [L.A.] with [appellant's] hand or by biting [L.A.]

\* \* \* \* \*

And the Grand Jury further presents that [appellant] did intentionally, knowingly, or recklessly impede the normal breathing and circulation of the blood of the said [L.A.] by applying pressure to the throat and neck and/or blocking the nose or mouth of the said [L.A.]:

And the Grand Jury further presents that [appellant] did then and there use or exhibit a deadly weapon, to-wit: [appellant's] hand or a sharp object during the commission of said assault

Next, when considering whether the evidence was sufficient to support conviction, we consider all of the evidence in the light most favorable to the verdict and determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Queeman v. State*, 520 S.W.3d 616, 622 (Tex. Crim. App. 2017). So too must we abide by the principle that the jury is "the sole judge of the credibility of witnesses and the weight to be given to their testimonies." *Id.* It can choose to believe all, some, or none of the testimony presented by any party. *Chambers v. State*, 805 S.W.2d 459, 461 (Tex. Crim. App. 1991); *see also Wise v. State*, 364 S.W.3d 900, 903 (Tex. Crim. App. 2012) (the factfinder exclusively determines the weight and credibility of the evidence). And, where the record supports contradicting inferences, we "must presume that the jury resolved any such conflicts in favor of the verdict, even if not

2

explicitly stated in the record." *Queeman*, 520 S.W.3d at 622. Finally, evidence is insufficient to support the conviction when the record contains 1) no evidence of an essential element, 2) merely a modicum of evidence of one element, or 3) if it conclusively establishes a reasonable doubt. *Id.*

A person commits assault if he "intentionally, knowingly, or recklessly causes bodily injury to another. " TEX. PENAL CODE ANN. § 22.01(a)(1) (West 2019). A person commits aggravated assault when he commits an assault and 1) causes serious bodily injury or 2) uses or exhibits a deadly weapon during the commission of the assault. *Id.* § 22.02 (a)(1) & (2). Furthermore, an offense under §22.01 (a)(1) is a Class A misdemeanor; it may rise to a felony if committed against someone whose relationship to or association with the defendant is described by Section 71.0021(b), 71.003, or 71.005, Family Code or committed by intentionally, knowingly, or recklessly impeding the person's normal breathing or circulation of the blood in certain ways. *Id.* at §22.01(b)(2)(A) & (B).

The record before us contains evidence illustrating: 1) appellant had been drinking alcohol and using methamphetamine with L.A. the day prior to the police being called; 2) L.A. bled from her face and had bled on her neighbor's porch and front door upon leaving an altercation with appellant; 3) L.A. was hysterical and screamed that appellant was going to kill her; 4) paramedics found L.A. bleeding profusely from injuries to her face and had difficulty staunching the blood flow; 5) L.A. continually touched her eye; 6) L.A. had to be restrained to prevent injury to herself and the paramedics; 7) L.A. had been cut with "razor blades" and had been beaten by appellant; 8) L.A. had severe lacerations, severe damage to her left eyeing of the left eye, and bruising to the neck; 9) appellant had grown angry at her for hiding drugs from him; 10) appellant began punching L.A. in her face, bit off her chin, and choked her with his hands which caused her to black

3

out and experience difficulty breathing, 11) L.A. used her shirt to "put [her] chin back on" her face; 12) appellant used box cutters to slash her body and left eye; 13) L.A. feared for her life and believed appellant was going to kill her; and 14) L.A. underwent several surgeries, received stitches to her chin, and lost the use of her left eye.

Other evidence appeared of record which contradicted the foregoing. Some also may support the propositions that 1) appellant reacted to physically aggressive conduct undertaken by L.A. and 2) L.A. was willing to prevaricate. Yet, such evidence created questions of fact and involved issues of credibility, which questions and issues fell within the province of the jury to resolve. Again, it, not this Court, had the duty to choose whom to believe and what evidence to accept. Having found appellant guilty of the underlying assaults, the jury must have accepted L.A.'s version of the events and deemed credible the evidence illustrating appellant intentionally and knowing caused his victim serious bodily injury and exhibited a deadly weapon while doing so. In other words, the foregoing constituted sufficient evidence upon which a rational jury could have determined beyond reasonable doubt that the State proved the allegations in the indictment and had negated appellant's claim of self-defense.

We overrule appellant's issue and affirm the convictions.


Per Curium



Do not publish.